UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM WENTWORTH FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 1:05cv0220 TCM |
| | ) |
| SMITH CORONA CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This diversity action is before the Court[1] on the motion of the pro se plaintiff, William Wentworth Foster, for a protective order.

This action began when Plaintiff filed a state court lawsuit alleging that multi-strike typewriter ribbons manufactured by defendant, Smith Corona Corporation, performed badly when he used them on a typewriter manufactured by Defendant; specifically, the ribbons left blank spaces on the paper, printed words that had letters missing, or printed the words with such poor quality that one was forced to squint in order to read the document. Consequently, Plaintiff has missed court deadlines, had his manuscripts rejected, and had to pay to use fellow inmates' typewriters. He questions whether the fault is attributable to the ribbons' manufacture or to their storage of long duration. He seeks monetary, declarative, and injunctive relief for breach of warranty, deceptive marketing, and discriminatory pricing.

Citing the amount in controversy, e.g., $500,000 in actual damages, and the diversity of citizenship, Plaintiff is a Missouri resident and Defendant is a Delaware corporation with

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

its principal place of business in Ohio, Defendant removed the action to federal court. See 28 U.S.C. §§ 1332, 1441.

Citing a request by Defendant to inspect his typewriter and ribbons, Plaintiff seeks a protective order on the grounds that relinquishing possession of his ribbons and typewriter would be prejudicial; unduly burdensome; and possibly the cause of him losing his legal file. Plaintiff further argues that turning his typewriter and ribbons over to Defendant might (a) subject both to a fraudulent exchange or alteration; (b) result in the destruction or disposal of his typewriter; (c) cause irreparable damage to both; (d) interfere with the preparation of this case for trial; and (e) deprive the jury of an opportunity to see the typewriter and ribbons in their current condition. In response, Defendant argues, inter alia, that it clearly will not engage in any activity that would result in damage to the typewriter or its contents; that the only service that is capable of inspecting Plaintiff's typewriter, a model that has not been manufactured in ten years, is in New York; and that the condition of the typewriter is relevant to the question of why the ribbons might not be performing as intended.[2]

Rule 26(c) provides, in relevant part, that "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed.R.Civ.P. 26(c) (alterations added). This order may include directions that the production "may be had only on specified terms and conditions, including a designation of time and place." Fed.R.Civ.P.

---

[2]Defendant also argues that Plaintiff has failed to attach the required certification, see Fed.R.Civ.P. 26(c), that he has attempted in good faith to resolve this discovery dispute. Plaintiff did submit such certification after filing his motion. In the circumstance of this case, the Court finds that satisfactory.

26(c)(2). The burden is on the party seeking a protective order "to show some plainly adequate reason therefor. . . . [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish [the required] good cause." Charles Allan Wright, Arthur R. Miller, Richard Marcus, 8 Federal Practice and Procedure, § 2035 (2nd ed. 1970) (alterations added).

The Court finds that Defendant has a right to inspect the typewriter used by Plaintiff. The question of how that typewriter performs is clearly relevant to the questions posed by Plaintiff in his lawsuit about the quality of the ribbons he uses. The Court also finds that Defendant has a right to have the typewriter inspected by its expert in New York. Should that inspection take longer than twenty-one days, however, Defendant must loan Plaintiff a typewriter of similar quality and functions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for protective order is **GRANTED** in part and **DENIED** in part as set forth above. Insofar as Plaintiff's motion includes a request not specifically addressed above, the motion is **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of August, 2006.